

I N T H E

# Court of Appeals of Indiana

Gerald A. Sanders,

*Appellant-Defendant,*

v.

AHEPA 78 VI Apartments, Inc.,

*Appellee-Plaintiff.*



FILED

Aug 30 2024, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

August 30, 2024

Court of Appeals Case No.
23A-EV-1502

Appeal from the
Lake Superior Court

The Honorable
Nicholas J. Schiralli, Judge

The Honorable
Catheron A. Paras, Magistrate

**Opinion by Senior Judge Robb**
Judges Riley and Brown concur.

**Robb, Senior Judge.**

[1] Gerald Sanders petitions for rehearing of our decision in *Sanders v. AHEPA 78 VI Apartments, Inc.*, 237 N.E.3d 1126 (Ind. Ct. App. 2024). In that opinion, we affirmed the trial court's order of eviction. Here, we grant Sanders' petition for rehearing to clarify our reasoning, strike mistaken references to the Rehabilitation Act, strike Footnote 1, and reaffirm the opinion in all other respects.

[2] On rehearing, Sanders argues that we misunderstood and incorrectly applied the federal statutes that define disability. Appellant's Reh'g Pet'n pp. 6-9. In support of his contention, he cites the Americans with Disabilities Act (ADA) and its definition of a disability as a physical or mental impairment that substantially limits one or more major life activity, which can include the operation of a major bodily function such as bladder function. *See* 42 U.S.C. § 12102(1)(A), (2)(B). However, Sanders brought a claim solely under the Fair Housing Amendments Act (FHAA) and not under the ADA or the Rehabilitation Act.[1] *See* Ex. Vol., p. 25 (Defendant's Ex. 1 - Email from

---

[1] In our original opinion, we mistakenly stated that Sanders had brought a claim under the Rehabilitation Act and referred to such in our opinion; however, it is clear that he brought a claim only under the FHAA. While it does

Sanders' counsel); *see also* Appellant's Br. p. 13.  Thus, we evaluated Sanders' claim using the required elements set forth in the FHAA, which Sanders also acknowledged and set out in his initial brief to this Court.  *See* Appellant's Br. p. 14.

[3]     Sanders additionally asserts that we erred by concluding he had not fulfilled his burden of proving he is disabled.  Specifically, he argues we should not have made a determination on the existence of a disability because that question was not litigated in the trial court.  He claims that AHEPA "agreed that Sanders was disabled, and the trial court did not question his disability."  Appellant's Reh'g Pet'n p. 6.

[4]     The burden of proving a disability lies with Sanders.  *See Furbee v. Wilson*, 144 N.E.3d 801, 806 (Ind. Ct. App. 2020) (to prevail on FHAA claim, plaintiff must first establish he is disabled within meaning of FHAA); *see also* 42 U.S.C. § 3604(f)(3)(B).  Our review did not reveal any agreement by AHEPA on this element of Sanders' claim.  While AHEPA acknowledged Sanders had an issue, it did not agree the issue constituted a disability as that term is defined in the FHAA.  Sanders failed to show that he is disabled and thereby protected under the FHAA.

[5]     Finally, Sanders requests that we strike Footnote 1 from our original opinion "because it incorrectly states what HUD requires . . . ."  Appellant's Reh'g Pet'n p. 9.  While *Howard v. HMK Holdings, LLC*, 988 F.3d 1185 (9th Cir. 2021),

---

not affect our decision, to be accurate we strike all references to Sanders bringing a claim under the Rehabilitation Act from the original opinion.

the case cited in the footnote, is a correct statement of the law, we acknowledge it is not a case dealing with federally subsidized housing as is the instant case. We recognize that distinction and the fact that the HUD guidelines do not require but rather merely contemplate that parties will engage in an interactive process to discuss the need for accommodation. *Astralis Condo. Ass'n v. Sec'y, U.S. Dep't of Hous. & Urb. Dev.*, 620 F.3d 62, 68 n.3 (1st Cir. 2010) (citing Joint Statement of Dep't of Hous. & Urban Dev. & Dep't of Justice, *Reasonable Accommodations Under the Fair Housing Act* 7 (May 17, 2004)). As neither the footnote nor its removal has any bearing on our decision, we strike Footnote 1 from our original opinion.

[6] Thus, we grant rehearing, modify our opinion by striking references and discussion of any claim under the Rehabilitation Act and striking Footnote 1, and reaffirm our original decision in all other respects.

Riley, J., and Brown, J., concur.

ATTORNEYS FOR APPELLANT

Cristin L. Just
Indiana Legal Services, Inc.
Merrillville, Indiana

Andrew T. Thomas
Indiana Legal Services, Inc.
Fort Wayne, Indiana

Rachel E. Hogenkamp
Indiana Legal Services, Inc.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Kevin E. Werner
Crown Point, Indiana